forth in 45 C.F.R. § 302.53.[2] *Jackson*, 947 F.2d at 337. The court noted that under 45 C.F.R. § 302.50(b) in the absence of a court order,[3] the amount of support obligation owed by an absent parent to the state must be determined "in accordance with a formula which meets the criteria prescribed in § 302.53." *Id.*

In this case, Kansas seeks reimbursement in the amount of $8,212.00 for AFDC monies paid out to the maternal grandmother for the support of Carol's children. Although strictly speaking, Kansas is not trying to enforce an administrative order,[4] it is nonetheless seeking reimbursement from Carol for the total amount of child support paid to Lowry which equates to an effort to recover an amount which was set administratively. *Jackson* requires that the amount Kansas seeks to recover be established under the federal guidelines.

Here, the court dismissed the action before Kansas had an opportunity to show that it had complied with federal law in determining the amount of support arrearages owed by Carol as reimbursement for the AFDC benefits which the state had paid out to Lowry for the support of Carol's minor children. Kansas was entitled to present evidence of its compliance with the federal regulations in determining that amount. In the alternative, Kansas may prove the amount to which it is entitled as reimbursement by calculating such amount by use of the federal formula. The court misapplied the law in holding that the proposed arrearages were in violation of *Jackson* without first determining whether or not Kansas had complied with federal law in establishing the amount of the support for which it sought reimbursement or al-

lowing proof of the amount due under the guidelines. Therefore, the judgment must be reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

The judgment is reversed and this cause is remanded with directions to allow Kansas to introduce evidence to show the amount of reimbursement calculated under the federal regulations to which it is entitled. The court shall also receive such other evidence as may be proper under the pleadings.

All concur.

STATE of Missouri, Respondent,

v.

Linda LYERLA, Appellant.

No. WD 46716.

Missouri Court of Appeals, Western District.

May 25, 1993.

---

**2.** Regulation 45 C.F.R. 302.53(a) sets out several factors which must be considered in determining the amount of the support obligation absent a court order. However, § 302.53 has since been removed by Congress and replaced by revised § 302.56. *Jackson*, 947 F.2d at 339.

**3.** The case at bar does not involve a court order in regard to the amount paid to Lowry for the support of the children.

**4.** In *Jackson*, the noncustodial parents challenged an administrative default order which they received after failing to respond to notices from the Missouri Division of Child Support Enforcement setting their liability for the state debt as the total amount of AFDC benefits that had been paid by the state on behalf of their minor children.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

### ORDER

PER CURIAM:

Defendant appeals from conviction of felony stealing, § 570.030, RSMo 1986, and sentence of three years imprisonment.

The judgment of conviction is affirmed. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Bryan SLATER, Appellant.**

**No. WD 46717.**

Missouri Court of Appeals, Western District.

May 25, 1993.

Mark C. Evans, Jefferson City, for appellant.

Richard C. Callahan, Pros. Atty., Robert W. Russell, Asst. Pros. Atty., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

ORDER

PER CURIAM:

Defendant appeals from his conviction of third degree assault, section 565.070, RSMo 1986, a class A misdemeanor. He alleges the evidence was insufficient to sustain the conviction.

The judgment of conviction is affirmed. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Theresa BROMLEY, Appellant.**

**No. WD 45813.**

Missouri Court of Appeals, Western District.

May 25, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

ORDER

PER CURIAM:

This conviction of delivery of a controlled substance, in violation of § 195.211, RSMo Cum.Supp.1992, is affirmed. Rule 30.25(b).